Freeman, J.,
delivered the opinion of the court.
This action was brought to recover damages for -an injury sustained by falling into an excavation adjoining the McKendree Church in the City of Nashville.
There appears to be an alley running from Church street along the side of the property of the church situated on this alley and extending to the edge of it. The church had made an excavation along the *685 side of the wall of its building, some six or seven feet deep, for convenient entrance into the basement.
Immediately on the edge of the street, a curbing of stone twelve or fourteen inches high had been erected.
The plaintiff, in endeavoring to cross the alley and approach the house, the night being dark, fell over this curbing into the excavation, and thus received the injury complained of.
The original declaration filed in the case averred, in substance, that the area or pitfall wrongfully permitted by the corporation was “ in and on a public alley and common highway” of the city.
Issues were made up on this declaration which had been filed at the January term, 1871.
An amended count was filed at the May term, 1872, which averred that the pitfall or excavation from which the injury was received was adjacent and contiguous to the alley and immediately on the side of it.
His Honor, the Circuit Judge, at the trial charged the jury that if the proof showed that the excavation was, not “in and on” the alley, but adjacent to it, then the plaintiff could not recover on the first count of the declaration.
The main question is, whether this charge is correct; for the statute of limitations having been interposed in the case, his Honor held that as to the second count plaintiff was barred, because it had been filed more than twelve months after the right of action accrued; so that necessarily the plaintiff was de *686 feated under his Honor’s ruling, — the proof showing the excavation to be along the side of the alley, and not literally in or on it.
We think, in the first place, that, under our decisions, as well as the decisions of our sister States, a municipal corporation is liable for a failure to keep its streets and alleys in repair, and clear of such obstructions as may endanger the free and proper use of them for the purposes to which they are opened or dedicated, that is the passage of persons, vehicles, etc., along them. See Davenport v. Ruckman, 37, N. Y., 568.
A diiferent doctrine has been maintained by courts of high respectability, but we think that the sounder rule is as we have stated it.
But to the main question: Was his Honor eorreet-in holding that the language of the declaration was to be construed as averring that the excavation was literally “in and on the alley,” so that the plaintiff’s action must fail if it was shown to be adjacent to, and immediately along, the side of the alley?
We think not.
This construction is too narrow, and sticks in the bark.
The language is, under the liberality of our requirements, to receive a fair and natural construction.
While taken in the strictest' sense, the construction given would be correct, yet, taken in the ordinary acceptance of the phraseology, it would not, as applied to the subject matter, necessarily mean that the *687 excavation -was either literally in or on the said alley.
We speak of a town or city as situated on a lake or river. The subject matter defines the language, so that everybody understands at once, that the place is on the bank or shore of the lake or stream, — is hard by and adjacent to it.: so in the present instance, the language of the declaration, es-. pecially when taken in connection with the other descriptive circumstances, fairly means that the excavation was along the side of, and adjacent to, the alley, just as the church would be referred to as situated on the alley, or on Church street, yet no one understanding it to be anywhere but adjacent to the street or alley, or along the side of one or the other.
Assuming this to be the fair construction of the declaration, the question then arises, whether such an obstruction, or interference with the free use of the highway, if permitted by the corporation, though not immediately in the alley, is one for which the corporation will be held responsible if injury therefrom has occurred to one passing along said alley
We think the true rule may be stated to be, that if an obstruction or excavation be permitted which renders the alley, street, or highway, unsafe or dangerous to persons or vehicles, — whether it lie immediately in or on the alley, street, or highway, or so near it as to produce the danger to the passer at any time when he shall properly desire to use such highway,— it is such a nuisance as renders the corporation liable.
*688 Such is the doctrine of the case of the Franklin Turnpike Co. v. N. Crockett, 2 Sneed, 271, and such is the result of numerous authorities to which we have been referred in the briefs of counsel. See Memphis v. Lasser, 9 Hum., 757; Burnham v. Boston, 10 Allen.*
A party bound to keep a highway in repair and open for the passage of the public in a city by night or by day, certainly cannot be held to perform that duty by simply keeping the area of the highway free, while along its edge there is a well or excavation uninclosed, into which the passenger, by an inadvert-ant step or an accidental stumble, migh fall at any time.
Such an excavation might be all the more dangerous by being immediately on the side of an alley or street rather than in it, as in the latter case it would be notorious as dangerous, and would be shunned by all; while in the former case no such attention might be directed to it, and the unsuspecting passenger, by a mere accidental step, would be liable to be precipitated into it and thus seriously injured. See the case of Oliver v. Worcester, 102 Mass., 489, (3 American Reports, 485).
We therefore hold that his Plonor erred in his instructions to the jury, and the judgment must be reversed.
We need not, in this view, examine the question *689 that is presented as to the statute of limitations, nor consider the facts of the case with reference to the doctrine of. contributory negligence, or the other questions presented in the argument.
The case is remanded for a new trial.

 See the case of Hill v. Boston, 122 Mass., 344, (23 American Reports, 332).